UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER OCASIO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-2168 (EGS) |
| JAMES C. DUFF, | ) |
| Defendant. | ) |

MEMORANDUM OPINION

In this *pro se* civil action, plaintiff, a Nevada inmate, sues the Director of the Administrative Office of the United States Courts for declaratory and injunctive relief. Specifically, plaintiff seeks to compel the Director to create an administrative grievance procedure to "justly adjudicate complaints of misconduct" by the Clerks of Court. Compl. at 5. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule (b)(6) for failure to state a claim upon which relief can be granted. Upon consideration of the parties' submissions, the Court will grant defendants' motion to dismiss under Rule 12(b)(6).[1]

The complaint stems from acts allegedly taken by the Clerk of the United States District Court for the District of Nevada in processing plaintiff's civil actions. Plaintiff alleges, among other misdeeds, that the Clerk "mischaracterized and mistitled [his] motions in various cases" including one filed under 28 U.S.C. § 2254. *Id*. at 7. He faults the Director for failing to provide

---

[1] The Court is satisfied that it has subject matter jurisdiction under the federal question provision of 28 U.S.C. § 1331 inasmuch as plaintiff alleges that defendant has deprived him of his constitutional rights to access the courts, to due process and to equal protection of the laws. *See* Compl. at 5, 10.

2

"a procedure that ensures a legitimate investigation by impartial officer of [the] government." *Id*. at 10.

Plaintiff's claim is set forth on a form for actions filed under 42 U.S.C. § 1983, but such a claim is predicated on the deprivation of constitutional rights by a person acting under color of state, territorial or District of Columbia law; it is not cognizable against the named federal defendant. To the extent that plaintiff is suing the Director under § 1983's federal analog established by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), his claim for equitable relief fails because a *Bivens's* remedy is "damages or nothing." *Davis v. Passman*, 442 U.S. 228, 245 (1979) (citation and internal quotation marks omitted).

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The plaintiff, however, bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). To the extent that plaintiff is seeking a writ of mandamus, he has pointed to no authority compelling the Director to develop a grievance process for court clerks and "[i]t is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

For the foregoing reasons, the Court finds that plaintiff has failed to state a claim upon which relief can be granted and, thus, grants defendant's Rule 12(b)(6) motion to dismiss. A separate Order accompanies this Memorandum Opinion.

                    SIGNED: EMMET G. SULLIVAN
                    UNITED STATES DISTRICT JUDGE

DATE: October 28, 2009